**UNITED STATES of America,**

v.

**96 CASES, MORE OR LESS, OF FIRE-WORKS broken down in various lots and with various labels of identification.**

Civ. No. C 65-107.

United States District Court
N. D. Ohio, W. D.

Aug. 17, 1965.

Walter Krasniewski, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Robert J. W. Meffley, Toledo, Ohio, for defendant.

DON J. YOUNG, District Judge.

A motion has been filed by the owner of the fireworks in question seeking to have the default decree of July 15, 1965, set aside. The Movant in its memorandum in support of the motion states that because it thought that action taken by the American Pyrotechnics Association in another similar case in another court * would stay any action in the pending case, it took no steps to protect its rights. When it learned that it was mistaken about this, it promptly retained counsel and filed the present motion.

The plaintiff opposes granting of the motion, contending that the Movant's failure to consult counsel or to take action in the matter is an unexcusable neglect. A number of cases are cited in support of this contention, which bear no resemblance to the facts of the present case.

If Movant is to have relief, it must come under the broad provision of Rule 60(b) (6) "any other reason justifying relief from the operation of the judgment". It is perhaps poor practice to rely on dissenting opinions, but in the dissenting opinion in Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 a case cited by the plaintiff, Mr. Justice Black says (at p. 202, 71 S.Ct. at p. 214):

"But the draftsmen of the Rule did not intend that these specified grounds should prevent the granting of similar relief in other situations where fairness might require it. Accordingly, there was added a broad sixth ground:

" 'any other reason justifying relief from the operation of the judgment.' "

It is hard to feel that it is fundamentally fair to the Movant to deny the relief sought. Granted, Movant should have sought the advice of counsel immediately upon the commencement of the action,

---

* United States v. 226 Cartons * * * Ball Type Caps, pending in the District

Court for the Eastern District of Tennessee.

instead of relying on its mistaken view of the effects of the action by its trade association. On the other hand, to deny Movant the right to a full and fair trial of the issues involved in the seizure of its property would be a rather harsh penalty for an error in judgment, particularly where there has been no great delay involved. Only seven weeks elapsed between the filing of the Libel and the filing of the present motion.

The motion to vacate the judgment will be granted.